UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-01669-FWS  Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE**

    **I.**    **Background**

On March 14, 2022, Plaintiff Frank Yang ("Plaintiff") filed the Complaint in this matter asserting several causes of actions against Defendant Longsheng Lei, a/k/a Guangzhi Lei, d/b/a American Realty Investment, LLC; Defendant American Realty Investment, Inc.; and Defendant USA Realty Reserve Center LLC (collectively, "Defendants"). (Dkt. 1.) On April 20, 2022, the case was assigned to this court. (Dkt. 14.) On June 21, 2022, the court ordered Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution by June 28, 2022, because Plaintiff had not adequately served Defendants. (*See* Dkt. 17.) The court advised Plaintiff that failure to comply with the court's order may result in dismissal. (*See id.*)

On June 28, 2022, Plaintiff's counsel filed a declaration "in Response to the Order to Show Cause or Dismissal" requesting: (1) "an additional 90 days to complete service on all defendants"; and (2) "an order allowing service on Longshei Lei by mailing a copy of the summons and complaint to defendant's residence by certified or registered mail" pursuant to Nevada Revised Statutes § 14.090. (Dkt. 18 at 2-3.) On July 1, 2022, Plaintiff's counsel filed a substantially similar declaration entitled "Response to OSC and for Additional Time to Complete Service." (Dkt. 19.) In this declaration, Plaintiffs' counsel requested "an order allowing service my [sic] mailing a copy of the summons and complaint to defendant's

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-01669-FWS  Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

residence by certified or registered mail." (*Id.* at 2.) Plaintiff also submitted a proposed order along with the declaration. (*Id.* at 4-5.)

On July 5, 2022, the court denied Plaintiff's requests for additional time to serve and alternative service by certified or registered mail because Plaintiff did not provide sufficient good cause for the requested relief. (Dkt. 20 at 5.) The court subsequently ordered Plaintiff to file the appropriate service documents with the court on or before July 26, 2022. (*Id.* at 6.) The court also ordered Plaintiff to file any application for alternative service by July 15, 2022. (*Id.*) The court again stated that failure to comply with the court's order may result in dismissal. (*Id.*)

Plaintiff did not submit any documents by the order to show cause deadline on July 26, 2022. (*See generally* Dkt.) On July 27, 2022, Plaintiff's counsel submitted a three-sentence declaration stating: "[t]he Summons and Complaint have been sent out to both a private Process Server and the sheriffs of Clark County, Nevada to attempt service on the defendants." (Dkt. 21 at 2.)

On August 2, 2022, the court ordered Plaintiff to appear for a hearing on August 11, 2022, at 10:00 a.m. to show cause why this action should not be dismissed for lack of prosecution (the "Hearing"). (Dkt. 22). On August 10, 2022, Plaintiff's counsel filed another declaration and attached "status emails" between counsel and a process server, "regarding the multiple attempts of service on defendants." (Dkt. 23.) On August 11, 2022, Plaintiff's counsel appeared at the Hearing and requested time to file the appropriate affidavit and an extension of time to demonstrate proof of service. (Dkts. 24, 25.) The court incorporates the hearing into the record by reference. (*See* Dkt. 24.)

## II. Legal Standard

Federal Rule of Civil Procedure 4(m), governing time limits for service, provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01669-FWS  Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

> service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In discussing Rule 4(m), the Ninth Circuit has explained that:

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

The court must provide the plaintiff with notice and an opportunity to show good cause for failure to effect timely service prior to sua sponte dismissal. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). The plaintiff bears the burden of establishing good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *See Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). "[A] plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). However, the "good cause" exception to Rule 4(m) "applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992), *overruled on other grounds by Von Tobel v. Johns*, 2022 WL 1568359 (9th Cir. May 18, 2022).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01669-FWS　　　　　　　　　　　　　　　　　　Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

### III.    Discussion

In this case, the court observes that Plaintiff did not adequately serve Defendants within 90-day window required by Federal Rule of Civil Procedure 4(m). (Dkt. 17.) The court subsequently provided Plaintiff with notice and multiple opportunities to show good cause. *See Crowley*, 734 F.3d at 975. On June 21, 2022, the court issued an Order to Show Cause ("OSC") notifying Plaintiff that the record reflected insufficient proof of service. (Dkt. 17.) The court then provided Plaintiff with several opportunities to demonstrate good cause. First, the court required that Plaintiff submit a written response to the OSC explaining why this action should not be dismissed for lack of prosecution by June 28, 2022. (*Id.*) Second, the court extended Plaintiff's time to serve to July 26, 2022, and the time to request an alternative method of service to July 15, 2022. (Dkt. 20 at 6.) Third, although Plaintiff filed no additional documents before the court's deadline on July 26, 2022, the court afforded Plaintiff another opportunity to explain why this action should not be dismissed for lack of prosecution at the Hearing on August 11, 2022. (Dkt. 22.)

The court finds that, despite these additional opportunities, Plaintiff has not adequately carried his burden of demonstrating good cause to extend the time to serve. The reason Plaintiff has proffered in support of the requests for additional time to serve and alternative service is that Defendant Longsheng Lei allegedly lives in a gated community that the process server could not access despite numerous attempts. (Dkt. 18 at 2; Dkt. 19 at 2; Dkt. 23 at 4-9.) However, Plaintiff did not provide sufficient proof of these service attempts by server's affidavits as required by Federal Rule of Civil Procedure 4(*l*). *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by server's affidavit."). Additionally, the declarations of Plaintiff's counsel did not provide sufficiently detailed information from which the court could infer diligent attempts to serve Defendants. The court explicitly notified Plaintiff of these deficiencies in its July 5, 2022, Order, stating:

> The court finds the Declaration is vague, incomplete, and provides inadequate attribution as to how the information was obtained, by who,

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01669-FWS                                           Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

___

> and when, in order to support good cause. For example, the Declaration fails to identify the identity of the "private investigators" and "process servers requesting consent," fails to sufficiently describe how the declarant received the information, fails to identify when the purported events occurred, and provides a conclusory statement describing Defendant's address.

(*See* Dkt. 20 at 5.)

Thus, the court concludes Plaintiff had notice not only of the inadequate proof of service but also of the deficiencies in the declarations submitted to establish good cause. *Oh v. ReconTrust Co., N.A.*, 2022 WL 2976924, at *2-3 (C.D. Cal. June 27, 2022) (dismissing case pursuant to Rule 4(m) because "the Court repeatedly identified the defect in [Plaintiff's] attempts to complete and prove service. . . and [Plaintiff] has not rectified these defects"). Although Plaintiff was notified of these deficiencies on July 5, 2022, Plaintiff's later filings did not adequately rectify these issues by attaching server's affidavits or providing more detail in the declarations. (*See, e.g.*, Dkt. 21 at 2 (stating only that "[t]he Summons and Complaint have been sent out to both a private Process Server and the sheriffs of Clark County, Nevada to attempt service on the defendants"); Dkt. 23 at 2 (providing only "the most recent status emails" from process servers with no additional information).)

The court observes that at oral argument, Plaintiff's counsel acknowledged that the record did not reflect sufficient good cause to extend the time to serve, stating, "the record before the court is not what it should be." (Dkt. 25.) Accordingly, the court concludes Plaintiff has not sufficiently demonstrated good cause in the record to extend the time to serve.

Moreover, the court finds that Plaintiff has provided insufficient evidence of excusable neglect. The record does not provide adequate evidence that: (1) Defendants had actual notice of the lawsuit; (2) Defendants would suffer no prejudice if Plaintiff was allowed to proceed; or (3) Plaintiff would be severely prejudiced if his claims were dismissed. *See Lemonge*, 587 F.3d at 1198 n.3. Plaintiff's counsel also did not sufficiently address excusable neglect at the Hearing. (Dkt. 25.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-01669-FWS Date: August 16, 2022
Title: Frank Yang v. Longsheng Lei *et al.*

    Finally, the court observes that Plaintiff was twice advised that this case may be dismissed for failure to prosecute if Plaintiff failed to demonstrate either adequate proof of service or good cause.  (*See* Dkt. 17 at 1 ("Absent a showing of good cause, an action shall be dismissed if the summons and complaint have not been served upon all defendants within 90 days of the filing of the complaint."); Dkt. 20 at 6 ("Failure to comply with the court's order may result in dismissal.").)  Because the court finds neither adequate proof of service nor sufficient good cause in the current record, the case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IV. Disposition**

    For the reasons set forth above, **IT IS HEREBY ORDERED THAT** the case be **DISMISSED WITHOUT PREJUDICE**.

    The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:  mku